UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                                          Plaintiff,

-against-

RENSSELAER POLYTECHNIC INSTITUTE ("RPI"),
ELIZABETH BROWN-GOYETTE, Title IX Investigator,
LARRY HARDY, Title IX Coordinator,
TRAVIS APGAR, Assistant Vice President and Dean of Students,
LENORMAN STRONG, Special Assistant to the President, AND
PETER KONWERSKI, Vice President for Student Life at RPI

                                           Defendants.

---

**DEFENDANTS' ELIZABETH BROWN- GOYETTE, LARRY HARDY, TRAVIS APGAR, LENORMAN STRONG, and PETER KONWERSKI MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

Civil Action No. 1:19-CV-719 (BKS/DJS)

---

Submitted by:
Michael E. Ginsberg, Esq.
Rhiannon I. Spencer, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorneys for Defendants*
22 First Street, P.O. Box 208
Troy, New York 12181-0208
(518) 266-1001


TO:    Scott W. Iseman, Esq.
         O'Connell and Aronowitz, PC
         54 State Street, 9th Floor
         Albany, NY 12207

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................ 1

**STATEMENT OF FACTS** ......................................................................................................... 1

**ARGUMENT** ............................................................................................................................... 1

    **NO INDIVIDUALLY NAMED DEFENDANT MAY BE HELD LIABLE FOR THE FEDERAL CLAIMS AND NO INDIVIDUAL NAMED DEFENDANT WAS A PARTY TO THE ALLEGED CONTRACT THUS ALL SUCH DEFENDATNS SHOULD BE DISMISSED FROM THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

    *i. F.R.C.P 12(b)(6) Standard* ................................................................................................ 1

    *ii. Title IX Claims* ................................................................................................................. 2

    *iii. New York State Breach of Contract Claims* ................................................................... 3

**CONCLUSION** ........................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...................................................................................................2

Bailey v. N.Y. Law School,
  2017 WL 835190 (SDNY 2017) ................................................................................3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ...................................................................................................2

Doe v. Syracuse Univ.,
  341 F.Supp.3d 125 (NDNY 2018) .............................................................................3

Fitzgerald v. Barnstable Sch. Comm.,
  555 U.S. 246 (2009) ...................................................................................................2

Hyman v. Cornell Univ.,
  834 F.Supp.2d 77 (NDNY 2011) ...........................................................................1, 2

Tesoriero v. Syosset Cent. Sch. Dist.,
  382 F.Supp.2d 387 (EDNY 2005) ..............................................................................2

Wolff v. State Univ. of N.Y. Coll. at Cortland,
  2016 WL 9022503 (NDNY 2016) aff'd 678 Fed. Appx. 4 (2d Cir. 2017) (summary order)......2

**Statutes**

20 U.S.C. §1681 et seq ............................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1

Fed. R. Civ. P. 8(a)(2) .............................................................................................................2

## PRELIMINARY STATEMENT

Defendants Elizabeth Brown-Goyette, Larry Hardy, Travis Apgar, LeNorman Strong, and Peter Konwerski submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Complaint as against them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

Plaintiff's Complaint alleges (1) violations of 20 U.S.C. §1681 *et seq* ("Title IX") for alleged selective enforcement of policies and an erroneous outcome and (2) New York State breach of contract claims arising from a sexual misconduct proceeding brought against him by a Rensselaer Polytechnic Institute ("RPI") student wherein it was determined by a preponderance of evidence that Plaintiff violated RPI's Student Sexual Misconduct Policy.

Plaintiff commenced the foregoing action against RPI as well as its employees involved throughout varying portions of Plaintiff's sexual misconduct proceedings: Title IX Investigator, Elizabeth Brown-Goyette; Title IX Coordinator, Larry Hardy; Assistant Vice President and Dean of Students, Travis Apgar; Special Assistant to the President and Chair of the Hearing Board during Plaintiff's proceeding, LeNorman Strong; and Vice President of Student Life, Peter Konwerski.

Plaintiff fails to allege at any point throughout his Complaint that an agreement existed between he and any of the individually named Defendants because no such agreements exist.

## ARGUMENT

### NO INDIVIDUALLY NAMED DEFENDANT MAY BE HELD LIABLE FOR THE FEDERAL CLAIMS AND NO INDIVIDUAL NAMED DEFENDANT WAS A PARTY TO THE ALLEGED CONTRACT THUS ALL SUCH DEFENDATNS SHOULD BE DISMISSED FROM THE COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

*i.    F.R.C.P 12(b)(6) Standard*

Fed. R. Civ. P. 12(b)(6) provides that "a party may assert the following defenses by motion . . . (6) failure to state a claim upon which relief can be granted[.]" The standard for the Court's

1

analysis for a 12(b)(6) motion entails a two-step inquiry. *See*, Hyman v. Cornell Univ., 834 F.Supp.2d 77, 81 (NDNY 2011). "First, they isolate the moving party's legal conclusions from its factual allegations [and] [s]econd, they presume the factual allegations to be true and examine them for plausibility." Hyman, 834 F.Supp.2d at 81 *citing* Ashcroft v. Iqbal, 556 U.S. 662 (2009). The seminal Supreme Court decision of Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n. 3 (2007), "added a requirement that a pleading show plausible ground for relief to the requirement of Federal Rule of Civil Procedure 8(a)(2) that a pleading 'show that a pleader is entitled to relief.'" Hyman, 834 F.Supp.2d at 81 *quoting* Twombly, 550 U.S. at 557.

### ii. *Title IX Claims*

Plaintiff's Title IX claims against the individually named employees of RPI must be dismissed because the Second Circuit has long held that individual defendants "cannot be held liable under Title IX because they are not recipients of federal funds." *See*, Wolff v. State Univ. of N.Y. Coll. at Cortland, 2016 WL 9022503, *24 (NDNY 2016) *citing* "Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246, 257 (2009) ('Title IX reaches institutions and programs that receive federal funds . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals'); Tesoriero v. Syosset Cent. Sch. Dist., 382 F.Supp.2d 387, 396 (EDNY 2005) (no individual liability under Title IX) (citing cases)." Wolff, *aff'd* 678 Fed. Appx. 4 (2d Cir. 2017) (summary order).

Therefore, Plaintiff's First and Second causes of action arising under claims of violation of Title IX should be dismissed with prejudice against Defendants Elizabeth Brown-Goyette, Larry Hardy, Travis Apgar, LeNorman Strong, and Peter Konwerski for failure to state a claim upon which relief can be granted.

### *iii.*   *New York State Breach of Contract Claims*

Plaintiff additionally alleges claims arising under New York State breach of contract against Rensselaer Polytechnic Institute and each individually named Defendant for, in sum, failure to follow the procedures outlined in RPI's Student Sexual Misconduct Policy and Procedures during his sexual misconduct proceeding.

While New York Courts have consistently held that "[a] student may sue his college or university for breach of an implied contract in certain situations," to state a claim for breach of contract under New York law against the individually named Defendants herein, "the complaint must allege facts which show: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." Doe v. Syracuse Univ., 341 F.Supp.3d 125, 140 (NDNY 2018) (internal citations and quotations omitted).

Where, as here, "Plaintiff does not allege the existence of a contract with any individual Defendant," the "contract claims against those individuals must be dismissed." Bailey v. N.Y. Law School, 2017 WL 835190, *9 (SDNY 2017).

In the instant matter, Plaintiff does not allege anywhere in his Complaint that he and any of the named Defendants had an executed contractual agreement and as such, he has failed to state a claim upon which relief may be granted. Doe, 674 F.Supp.3d at 140. Plaintiff premises his breach of contract claim against each Defendant upon Rensselaer Polytechnic Institute's Student Sexual Misconduct Policy and Procedures not an independent agreement between each named individual. The alleged contract is between Plaintiff and RPI. (*See* Complaint ¶¶280—283, 287; "Plaintiff entered into express and implied agreements with RPI that, in exchange for Plaintiff's substantial tuition payment, and the Parties' mutual adherence to RPI's Policies and Procedures, RPI would provide Plaintiff with undergraduate educations;" "RPI expressly promised. . .;" "RPI

breached its contract . . .;" "RPI also breached its expressed and implied agreements . . .;" "RPI breached its agreement . . .").

Based on the foregoing, Plaintiff's breach of contract claim must be dismissed against Defendants Elizabeth Brown-Goyette, Larry Hardy, Travis Apgar, LeNorman Strong, and Peter Konwerski for failure to state a claim upon which relief can be granted.

## CONCLUSION

As a result of the aforementioned it is evident that plaintiff has failed to state a claim upon which relief can be granted as against Defendants Elizabeth Brown-Goyette, Larry Hardy, Travis Apgar, LeNorman Strong, and Peter Konwerski.

Defendants Elizabeth Brown-Goyette, Larry Hardy, Travis Apgar, LeNorman Strong, and Peter Konwerski respectfully request an Order of this Court dismissing plaintiff's Complaint as against each individually named Defendant for breach of contract and violations of Title IX together with costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: July 10, 2019                PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC

By: *Rhiannon I. Spencer*
Michael E. Ginsberg, Esq.
Rhiannon I. Spencer, Esq.
*Attorney for Defendants*
22 First Street, P.O. Box 208
Troy, New York 12180
Telephone: (518) 266-1000