UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                                                          Plaintiff,

-against-

RENSSELAER POLYTECHNIC INSTITUTE ("RPI"),
ELIZABETH BROWN-GOYETTE, Title IX Investigator;
LARRY HARDY, Title IX Coordinator; TRAVIS APGAR,
Assistant Vice President and Dean of Students; LENORMAN
STRONG, Special Assistant to the President; and PETER
KONWERSKI, Vice President for Student Life at RPI,

                                                          Defendants.

**BRIEF IN RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Case No.: 1:19-cv-00719-BKS-DJS

---

Plaintiff offers this brief in response to the individually named Defendants' motion to dismiss the Title IX and Breach of Contract causes of action against them.

### I. Breach of Contract

To begin, Plaintiff has not alleged and did not intend to allege, a Breach of Contract claim against any individually named Defendant. The Breach of Contact causes of action (Charges Three and Four of the Complaint) exclusively list Defendant RPI as the party that entered into and breached its agreement with Plaintiff. *See* Complaint at ¶¶ 279-290. As such, there is nothing to dismiss.

## II. Title IX Claims Against Individual Defendants

Plaintiff is well aware of the authority cited by Defendants in support of its motion to dismiss the Title IX claims against the individual defendants since, many courts in this Circuit have held that Title IX does not create individual liability for school officials and even the Supreme Court has suggested as much. *See e.g Fitzgerald v. Barnstaqble Sch. Comm.,*, 555 U.S. 246, 257 (2009) ("[Title IX] has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals"). These holdings, however, have not yet addressed the argument that individuals who are directly compensated by the federally-funded entity and who are personally responsible for enforcing Title IX on a college's behalf, should be considered as qualifying entities and federal funding recipients themselves, and thus subject to individual liability under Title IX.

While novel, this argument is not without merit. Congress drafted Title IX to be broad-ranging in an effort to expand those who can be held liable. Specifically, under the Civil Rights Restoration Act of 1987 (CRRA), 20 U.S.C. § 1687, Congress defined a "program or activity" as including "all of the operations of ... a college, university, or other postsecondary institution, or a public system of higher education ... **any part of which is extended Federal financial assistance**." § 1687(2)(A) (emphasis supplied). The CRRA also provides institution-wide coverage for entities "principally engaged in the business of providing education" services, § 1687(3)(A)(ii), and for entities created by two or more covered entities, § 1687(4). These CRRA provisions came in response to the Supreme Court's holding in *Grove City College v. Bell*, 465 U.S. 555, 570-574 (1984) which limited the application of Title IX to the specific program receiving federal financial assistance. With this legislation, Congress sought "to correct" the limitations the Supreme Court placed on Title IX in *Grove* by expanding Title IX's protections

and those who can be held liable. *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 73 (1992).

Post-*Grove,* the Supreme Court has considered the application of Title IX to private entities and its reasoning is important to consider here. In *Nat'l Collegiate Athletic Ass'n v. Smith,* the Supreme Court interpreted Title IX's expansive statutory regime in the context of whether Title IX should apply to private entities like the National Collegiate Athletic Association ("NCAA") since the NCAA received dues payments from colleges that received federal funding. 525 U.S. 459, 466 (1999). The issue presented, was whether a "private organization that does not receive federal financial assistance is subject to Title IX because it receives payments from entities that do." *Id.* at 466. Ultimately, the Supreme Court held that dues payments alone were not enough to establish liability for the NCAA, but noted that if the NCAA did receive federal funding, that ***all*** of that entity's operations would be subject to Title IX. *Id.* at 466.

Central to the Court's determination was its interpretation of 34 C.F.R. § 106.2(h) which defines a federal fund "recipient" under Title IX as any entity "to whom Federal financial assistance is extended directly or **through another recipient** and which operates an education program or activity which receives or benefits from such assistance." *Id.* at 468. (emphasis supplied). The Court distinguished between those who merely benefited from federal funding and those who received federal funding directly or indirectly, finding that the NCAA was more akin to the former, than the later, and therefore was not subject to Title IX. *Id.* The Court went on to state that this indirect benefit was also distinct from situations where colleges "ear-marked" federal funds for certain purposes. *Id.*

The salary and benefits that individuals directly receive from a federally funded colleges in exchange for directly enforcing Title IX on behalf of a federally funded college are

categorically different than dues to an outside private party. The individually named defendants here are directly benefiting from federal funding. In no uncertain terms, the individually named defendants are paid (perhaps exclusively) to ensure that federal money continues to flow to RPI. If private entities that directly or indirectly receive federal funding can be held liable under Title IX, then why should it not follow that private individuals who are directly paid to enforce Title IX for the purpose of ensuring that federal money continues to flow to a college can be individually liable? Just as the Supreme Court has interpreted Title IX to have a private right of action in the first place, *see Cannon v. University of Chicago,* 441 U.S. 677, 717 (1979), under circumstances presented here, the Courts should similarly recognize the right of an individual student to bring an action under Title IX against the individuals who not only discriminated against him but who also are tasked with enforcing the very statute at issue.

**WHEREFORE**, Plaintiff respectfully requests that the individual Defendants' motion to dismiss the Title IX claims against them be denied and for such further and additional relief as the Court deems just and proper.

Dated: July 29, 2019

O'CONNELL AND ARONOWITZ

By: *[signature]*

Scott W. Iseman, Esq.
Bar Roll #: 518859
Attorneys for Plaintiff
Office and P.O. Address
54 State Street
Albany NY 12207-2501
(518) 462-5601