UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                                                      Plaintiff,

    -against-

RENSSELAER POLYTECHNIC INSTITUTE ("RPI"),
ELIZABETH BROWN-GOYETTE, Title IX Investigator,
LARRY HARDY, Title IX Coordinator,
TRAVIS APGAR, Assistant Vice President and Dean of Students,
LENORMAN STRONG, Special Assistant to the President, AND
PETER KONWERSKI, Vice President for Student Life at RPI

                                                    Defendants.

---

**DEFENDANTS' ELIZABETH BROWN- GOYETTE, LARRY HARDY, TRAVIS APGAR, LENORMAN STRONG, and PETER KONWERSKI MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

Civil Action No. 1:19-CV-719 (BKS/DJS)

---

Submitted by:
Michael E. Ginsberg, Esq.
Rhiannon I. Spencer, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorneys for Defendants*
22 First Street, P.O. Box 208
Troy, New York 12181-0208
(518) 266-1001

TO:    Scott W. Iseman, Esq.
        O'Connell and Aronowitz, PC
        54 State Street, 9th Floor
        Albany, NY 12207

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................. 1

**ARGUMENT**
    **THE INDIVIDUALLY NAMED DEFENDANTS MUST BE DISMISSED
    FROM THE ACTION** .............................................................................................. 1

**CONCLUSION** ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

Davis v. Monroe County Bd. of Educ.,
  526 U.S. 629 (1999) ............................................................................................... 2

Dep't of Transp. v. Paralyzed Veterans of America,
  477 U.S. 597 (1987) ............................................................................................... 4

Franklin v. Gwinnett Cty. Pub. Schools,
  503 U.S. 60 (1992) ................................................................................................. 2

Grove City College v. Bell,
  465 U.S. 555 (1984) ........................................................................................... 3, 4

Hayut v. Sate Univ. of N.Y. Coll. at New Paltz; Alex Young; Richard Varbero; Geral Benjamin; and Lewis Brownstein,
  127 F. Supp. 2d 333 (N.D.N.Y. 2000) ............................................................... 1, 2

Kraft v. Yeshiva Univ.,
  2001 WL 1191003 (S.D.N.Y. 2001) ..................................................................... 2

Manfredi v. Mount Vernon Bd. of Educ.,
  94 F. Supp. 29 447 (S.D.N.Y. 2000) ..................................................................... 2

Miotto v. Yonkers Pub. Schs.,
  534 F.Supp.2d 422 (S.D.N.Y. 2008) .................................................................. 2, 3

Nat'l Collegiate Athletic Ass'n v. Smith,
  525 U.S. 459 (1999) ........................................................................................ 3, 4, 5

Niles v. Nelson,
  72 F. Sup. 2d 14 (N.D.N.Y. 1999) ......................................................................... 2

Norris v. Norwalk Pub. Sch.,
  124 F. Supp. 2d 791 (D. Conn. 2000) ................................................................... 2

Pallett v. Palma,
  914 F. Supp. 1018 (S.D.N.Y. 1996) ...................................................................... 2

Tesoriero v. Syosset Cent. Sch. Dist.,
  382 F. Supp. 2d 387 (E.D.N.Y. 2005) ................................................................... 2

Torres v. New York Univ.,
  1996 WL 15691 (S.D.N.Y. 1996) .......................................................................... 2

Wolff v. State Univ. of N.Y. Coll. at Cortland,
  2016 WL 9022503 (N.D.N.Y. 2016) ...................................................................... 1

**Statutes**

Civil Rights Restoration Act of 1987, 20 U.S.C. § 1681 ................................................................3

**Other Authorities**

Civil Rights Restoration Act of 1987 Legislative History, Summary; 88 CIS PL 100259 (Mar. 22, 1988) ..........................................................................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

**PRELIMINARY STATEMENT**

Defendants Elizabeth Brown-Goyette, Larry Hardy, Travis Apgar, Le Norman Strong, and Peter Konwerski submit this Memorandum of Law in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**
**THE INDIVIDUALLY NAMED DEFENDANTS MUST BE DISMISSED FROM THE ACTION**

Plaintiff's argument is not "novel," it's contrary to long-standing precedent and must be rejected by this Court. Plaintiff proffers that while Courts—including the Supreme Court—have *suggested* that Title IX does not create individual liability for school officials, no holding has "addressed the argument that individuals who are directly compensated by the federal-funded entity and who are personally responsible for enforcing Title IX on a college's behalf, should be considered as qualifying **entities** and federal funding recipients themselves and thus subject to individual liability under Title IX." (Plaintiff's Brief p. 2) (emphasis supplied).

Not only does the very definition of "entity" defeat such an argument[1], but an abundance of cases in the Second Circuit alone have analyzed similar facts as the case at bar and have consistently **held** individual defendants "cannot be held liable under Title IX because they are not recipients of federal funds." *See*, Wolff v. State Univ. of N.Y. Coll. at Cortland, 2016 WL 9022503, *24 (N.D.N.Y. 2016).

For example, in Hayut v. Sate Univ. of N.Y. Coll. at New Paltz; Alex Young; Richard Varbero; Geral Benjamin; and Lewis Brownstein, 127 F. Supp. 2d 333 (N.D.N.Y. 2000) the plaintiff alleged that she endured sexual harassment from her professor and that each of the

---

[1] *See* Merriam-Webster, *entity* 3, https://www.merriam-webster.com/dictionary/entity, last accessed Jul. 30, 2019; defining "entity" as "an organization (such as a business or governmental unit) that has an identity separate from those of its members."

1

individually named Defendants who were "responsible employees" according to Title IX failed to take appropriate action to address her complaints giving rise to claims under Title IX and § 1983. In dismissing the complaint against each individual, including the Defendant Professor who was the alleged harasser, the Court held that "the weight of the authority, including cases decided in this Circuit, hold[] that only the *recipient* of federal funds can be liable under Title IX" therefore, "plaintiff cannot premise individual liability on this statute." Hayut, 127 F. Supp. 2d at 338 *citing* Niles v. Nelson, 72 F. Sup. 2d 14, 17 (N.D.N.Y. 1999); Pallett v. Palma, 914 F. Supp. 1018, 1025 (SDNY 1996) *rev'd on other grounds*, 119 F.3d 80 (2d Cir. 1997); Torres v. New York Univ., 1996 WL 15691, *2 (S.D.N.Y. 1996); *see also* Miotto v. Yonkers Pub. Schs., 534 F.Supp.2d 422, 426 (S.D.N.Y. 2008) *citing* Tesoriero v. Syosset Cent. Sch. Dist., 382 F. Supp. 2d 387, 396 (E.D.N.Y. 2005) ("relying on 'overwhelming majority of federal courts' that have held that individuals cannot be held liable under Title IX and thus dismissing claims against individual defendants"); Kraft v. Yeshiva Univ., 2001 WL 1191003, *5 (S.D.N.Y. 2001)("dismissing the Title IX claims against the individual defendants"); Manfredi v. Mount Vernon Bd. of Educ., 94 F. Supp. 29 447, 455—56 (S.D.N.Y. 2000) ("relying on the weight of authority in Court of Appeals' decisions and the Supreme Court decision in Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 638 (1999) to support holding that individuals cannot be held liable under Title IX"); Norris v. Norwalk Pub. Sch., 124 F. Supp. 2d 791, 795—98 (D. Conn. 2000) ("holding that a Title IX claim may not be brought against an individual"). There are no such cases to support Plaintiff's untenable requests to the Court and as such, Defendants' Motion should be granted.

Notably, Plaintiff herein alludes to the Supreme Court's holding in Franklin v. Gwinnett Cty. Pub. Schools, 503 U.S. 60 (1992) to support the contention that this Court should independently hold that individuals may be liable under Title IX however, such similar assertion

has already been categorically rejected in *Miotto* where the court posited that "[w]e also feel that plaintiff's reliance on *Franklin* to infer that the Supreme Court would find individual liability under Title IX if it were presented is misplaced" just as this Court should hold. Miotto, 534 F.Supp.2d at 426.

Plaintiff further asserts, with no basis in fact, that individual liability should be imposed because Congress' intent in enacting the Civil Rights Restoration Act of 1987 ("CRRA") was "'to correct the limitations the Supreme Court placed on Title IX in Grove City College v. Bell, 465 U.S. 555 (1984) by expanding Title IX's protections and those who can be held liable." Civil Rights Restoration Act of 1987, 20 U.S.C. § 1681; *see also* Plaintiff's Opp. p. 2—3.

Distinguishably, Plaintiff's elusive understanding of Congress's intent behind the enactment of the CRRA is misplaced as the Legislative History itself makes clear that such legislation sought "to correct" or overturn the Supreme Court's erroneous ruling in *Grove City College* by clarifying that "programs and entities receiving direct or indirect Federal assistance are subject to civil rights laws on an institution-wide rather than a program-specific basis." Civil Rights Restoration Act of 1987 Legislative History, Summary; 88 CIS PL 100259 (Mar. 22, 1988); (In *Grove*, the private college did not receive federal funding directly from the government but received "ear-marked" federal funding from students who paid tuition utilizing federal financial aid. Grove City College refused to comply with federal requirements and the Supreme Court erroneously held that since the College only received federal funding from students for payment of tuition, only the financial aid office must comply with civil rights laws). There is no interpretation supporting the notion that the CRAA was enacted to expand "who can be liable" as Plaintiff claims and such has consistently been rejected. *See* Nat'l Collegiate Athletic Ass'n v. Smith, 525 U.S. 459, 466 n. 4 (1999) ("Congress enacted the [CRRA] in response to Part III of

3

our decision in *Grove* . . ., which concluded that Title IX, as originally enacted, covered only the specific program receiving federal funding.").

Additionally, Plaintiff's reliance upon *NCAA v. Smith* in an attempt to persuade the Court that any employee of an entity that is a recipient of federal funding is themselves an entity that indirectly receives federal funding exposing all such employees to liability is unavailing and unsupported by the law. *See* Smith, 525 U.S. 459 (where the Supreme Court held that although the NCAA (entity that governs intercollegiate athletics programs) accepted dues from Universities that received federal funds, the NCAA itself is not a recipient of federal funds subject to compliance with Title IX simply because it benefits from federal assistance afforded its members.).

In discussing *NCAA v. Smith* and the definition of "recipient," Plaintiff omitted critical language which forecloses any interpretation that an employee of a recipient of federal funding may be individually liable under Title IX. The critical holding by the Court provides, in full:

> Section 106.2(h) defines 'recipient' to include any entity 'to whom Federal financial assistance is extended directly or through another recipient and which operates an education program or activity which receives or benefits from such assistance.' **The first part of this definition makes clear that Title IX coverage is not triggered when an entity merely benefits from federal funding.** Thus, the regulation accords with the teaching of Grove City[2] and Paralyzed Veterans:[3] Entities that receive federal assistance, whether directly or through an intermediary, are recipients within the meaning of Title XI; **entities that only benefit economically from federal assistance are not.** Id. at 468. (emphasis supplied).

Importantly, employees, like the individually named Defendants herein, are not entities. *See* fn. 1, *supra*. Furthermore, the instant matter is congruent with the facts of *NCAA v. Smith* and

---

[2] Grove City College v. Bell, 465 U.S. 555 (1984), discussed *supra*.
[3] Dep't of Transp. v. Paralyzed Veterans of America, 477 U.S. 597 (1987) (where the Court "considered the scope of §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 which prohibits discrimination on the basis of disability in substantially the same terms that Title IX uses to prohibit sex discrimination" when "a group representing disabled veterans contended that the Department of Transportation had authority to enforce §504 against commercial air carriers by virtue of the Government's extensive program of financial assistance to airports" however, the Court "held that airlines are not recipients of federal funds received by airport operators for airport construction projects, even when the funds are used for projects especially beneficial to the airline." Smith, 525 U.S. at 467).

4

this Court should similarly hold that, "[u]nlike the earmarked student aid in Grove City, there is no allegation that [RPI] paid their [employees' salaries] with federal funds earmarked for that purpose. At most, the [employees'] receipt of [their salary] demonstrates that [they] indirectly benefit[ed] from the federal assistance afforded [RPI]." Smith, 525 U.S. at 468.

Such proposition by Plaintiff would theoretically impose Title IX liability on students who receive work study from RPI or any student receiving a federal grant or loan. There has never been an intent evinced to expose employees of federal funding recipient entities to unlimited liability pursuant to Title IX.

## CONCLUSION

There is no basis to support Plaintiff's self-serving assertions that the individually named Defendants "are directly benefiting from federal funding," in fact, *NCAA v. Smith* clearly holds otherwise and as such, this Court should embrace long-standing precedent and dismiss each of the individually named Defendants as there is no individual liability under Title IX.

Dated: August 1, 2019

*[signature: Rhiannon I. Spencer]*

Michael E. Ginsberg, Esq.
Rhiannon I. Spencer, Esq.
**PATTISON, SAMPSON, GINSBERG & GRIFFIN, PLLC**
*Attorney for Defendants*
22 First Street, P.O. Box 208
Troy, New York 12180
Telephone: (518) 266-1000