UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                                        Plaintiff,

-against-                                                   Case No. 1:19-cv-719

RENSSELAER POLYTECHNIC INSTITUTE ("RPI");      Hon. Daniel J. Stewart

                                        Defendant.
_____

## PROTECTIVE ORDER

The parties to this Protective Order have agreed to the terms of this Order, accordingly, it is ORDERED:

1. **Purpose**: The Parties, by and through counsel, stipulate and agree that this Protective Order – and any designation of a document, material or information (whether written, graphic, or electronic) as being "PROTECTED INFORMATION" subject to this Protective Order – is intended solely to facilitate prompt and efficient discovery and the preparation for trial of this case.

2. **Scope**: As used in this Protective Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise). This Protective Order shall govern all "PROTECTED INFORMATION" including all items and information exchanged during discovery including copies, excerpts, summaries, or compilations thereof, produced by any party or third party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party"). This Protective Order is binding upon all Parties and their counsel in this case, including their respective corporate

parents, subsidiaries, and affiliates and their respective attorneys, principals, experts, consultants, representatives, officers, employees, and others as set forth in this Protective Order. If additional parties are added other than parents, subsidiaries or affiliates of current parties to this litigation, then their ability to receive "PROTECTED INFORMATION" as set forth in this Protective Order will be subject to them being bound, by agreement or Court Order, to this Protective Order.

    a. Third Parties who so elect may avail themselves of and agree to be bound by the terms and conditions of this Protective Order and thereby become a Supplying Party for purposes of this Protective Order.

    b. Nothing herein shall be construed to affect, in any manner, the admissibility at trial or in any other Court proceeding of any document, testimony, or other evidence.

    3. "PROTECTED INFORMATION" as used in this Protective Order means information for which the Supplying Party or the Supplying Party's counsel makes a good faith determination as containing confidential information, student records, medical or psychiatric information, or information that is of a protected, proprietary or business nature and not readily known or available to competitors, potential competitors, or the public, the disclosure of which (whether separately or in conjunction with other information being produced) is believed in good faith by the Supplying Party to have the potential, if disclosed, for causing harm to it.

    4. Any designation of "PROTECTED INFORMATION" under this Protective Order shall not be construed as an admission or an agreement by any party:

    a. That the designated disclosure constitutes or contains confidential or proprietary information; or

    b. That any document, material or information, or any portion thereof, constitutes

competent, material, relevant, or admissible evidence in this case.

This Protective Order is entered into solely to facilitate a reasonable and prompt disclosure of discovery materials in this case.

5. The designation of a document as PROTECTED shall be made by placing or affixing on the material in a manner that will not interfere with its legibility the words "PROTECTED INFORMATION. DOCUMENT SUBJECT TO PROTECTIVE ORDER" as long as the designation is conspicuously placed on produced documents in a uniform manner. All such copies shall thereafter be entitled to the protection of this Protective Order. Any Supplying Party may unilaterally designate as "PROTECTED INFORMATION" all or any part of documents produced by it in the course of litigation or in response to a subpoena or informal request. Further, any party to this Order may designate as "PROTECTED INFORMATION" any document produced by another party or third party, which document(s) shall remain "PROTECTED INFORMATION" under this Protective Order for a period of 30 days, after which the document shall be "PROTECTED INFORMATION" unless the party opposing the "PROTECTED INFORMATION" designation makes an application to the Court for an order directing that the document(s) shall not remain "PROTECTED INFORMATION" under the terms of this Protective Order. This 30-day provision does not apply to documents designated as PROTECTED INFORMATION by the Supplying Party who produced those documents.

6. Information, documents or other materials or data produced in discovery prior to the inception of this Protective Order may be retroactively designated as "PROTECTED INFORMATION" within 30 days of the Court executing this Order.

7. Deposition testimony or any portion thereof may be designated as "PROTECTED

INFORMATION." If at the time a deposition is taken, any Party designates the deposition in its entirety as "PROTECTED INFORMATION" under this Protective Order, the designating Party shall, within 30 days of receipt of the transcript, identify the specific testimony in the transcript (line and page) which it seeks to protect as contemplated by this Protective Order. The failure to identify the portions of the transcript which the party seeks to protect within the 30-day time period shall be deemed a withdrawal of the "PROTECTED INFORMATION" designation as asserted on the entirety of the transcript.

8.      This Protective Order shall not be construed as a waiver by any party of the right to contest the designation of documents as "PROTECTED INFORMATION" under this Protective Order. Any party desiring to contest the protected designation of specific documents as "PROTECTED INFORMATION" may do so at any time and shall give the Supplying Party notice in writing (a letter to all counsel of record delivered by email shall be sufficient) including the listing of any such document(s) or the bates ranges for the document(s), and shall provide a brief explanation of the basis for contesting the "PROTECTED INFORMATION" designation (the "Notice"). If the Parties cannot stipulate to the designation as "PROTECTED INFORMATION" within thirty (30) days of the Supplying Party's receipt of such written notice, the Contesting Party has the burden of making an application to the Court for an order directing that the "PROTECTED INFORMATION" designation under the terms of this Protective Order be removed.

9.      All references in motions or briefs to information designated as "PROTECTED INFORMATION" or any other "PROTECTED INFORMATION" shall be filed under seal to the extent permitted by applicable Court rules and procedure. Neither this Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only

PROTECTED INFORMATION is subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as PROTECTED INFORMATION, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of the PROTECTED INFORMATION. If, however, the PROTECTED INFORMATION must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing. Pending a Court determination, no document designated as "PROTECTED INFORMATION" under this Order shall be disseminated other than as provided by this Order.

10. Any document, material, or information designated as "PROTECTED INFORMATION" under this Protective Order shall not be used or disclosed by any Receiving Party, or their counsel or any person acting on his/her behalf to any other persons except as provided for in this Protective Order, and shall not be used for any business or competitive purpose, or for any other purposes whatsoever, other than the preparation and trial of this case.

11. Documents designated as "PROTECTED INFORMATION" under this Order shall not be disclosed to any other person or entity, except in the following circumstances:

    a. Disclosure may be made to employees of counsel for Plaintiffs or Defendants who have direct functional responsibility for assisting in the preparation and trial of this case or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure of "PROTECTED INFORMATION" to this Protective Order requiring that the material and information be held in confidence.

    b. Disclosure may be made to consultants or experts (hereinafter, "consultant/expert")

employed or retained by Plaintiffs or Defendants, or their counsel, to assist in the pursuit, preparation and trial of this litigation. However, prior to disclosure to any consultant/expert (including undisclosed), the consultant/expert must agree to be bound by the terms of this Protective Order by executing the acknowledgement annexed hereto as "Exhibit A." A copy of each executed acknowledgement shall be maintained for Plaintiffs' consultants/experts by Plaintiffs' Counsel and for Defendants' consultants/experts by Counsel for Defendants.

c. Disclosure may be made to the Parties, including representatives, directors, counsel for directors, insurers, officers, employees, trustees, officials and administrators to the extent required for assisting in the preparation and trial of this case or any appeal herein or for internal business purposes. To the extent such disclosure is made, such Party shall be advised of, shall become subject to, and shall agree in advance of disclosure of "PROTECTED INFORMATION" to the provisions of this Protective Order requiring that the material and information be held as confidential.

d. Disclosure may be made to the Court and Court personnel (including the court having jurisdiction over any appeal).

e. Disclosure may be made to any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter.

f. Disclosures may be made to employees of outside copying, document imaging, and facsimile services.

g. Disclosures may be made to a Party's witnesses or deponents in the course of this

litigation, only as necessary for the litigation and only after such person has been informed of the Protective Order and has agreed in writing to be bound by it, by signing the form of acknowledgement annexed as Exhibit "A".

12. If another court or an administrative agency subpoenas or otherwise orders production of "PROTECTED INFORMATION" that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the counsel of record for the Supplying Party in writing via email of all of the following: (a) the "PROTECTED INFORMATION" that is requested for production in the subpoena or other process; (b) the date on which compliance with the subpoena is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall "PROTECTED INFORMATION" be produced prior to the expiration of fifteen (15) days following transmission of written notice to counsel of record for the Supplying Party unless required to do so by the order seeking the documents.

13. If any party learns of any unauthorized disclosure of documents or information designated as "PROTECTED INFORMATION" by Parties or counsel in this litigation, it shall immediately inform the Court and Parties in this litigation in writing of all pertinent facts relating to such disclosure.

14. Inadvertent production of any document or information without a designation of "PROTECTED INFORMATION" will not be deemed to waive a later claim to its PROTECTED

nature or preclude a party from designating said document or information as "PROTECTED INFORMATION" pursuant to this Protective Order at a later date. Any party may designate as "PROTECTED INFORMATION" or withdraw a "PROTECTED INFORMATION" designation from any material that it has produced, provided, however, that such re-designation shall be effective only as of the date of such re-designation.

15. Inadvertent production of documents (hereinafter "Inadvertently Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the party producing the documents shall notify all Parties in writing within a reasonable period of time from discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the party making the inadvertent production, all notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. If the party receiving the production disputes in writing the claim of privilege, they may retain possession of the Inadvertently Produced Documents as well as any other work product of the Receiving Party reflecting contents of such materials pending the resolution by the Court of the motion. The party receiving such Inadvertently Produced Documents may, after receipt of the notice of inadvertent production, move the Court to oppose the request for return of the subject materials. Each party retains all rights and arguments as to any proceeding regarding Inadvertently Produced Documents.

16. Upon final termination of this litigation, whether by judgment, settlement or otherwise, upon written request from counsel for the Supplying Party, counsel for all Parties shall

return to counsel for the Supplying Party all materials and all copies thereof in his/her possession that were designated by Supplying Party as "PROTECTED INFORMATION" in accordance with this Protective Order and/or, in the alternative, provide a written statement to counsel for the Supplying Party that all copies of such materials in his or her possession, including copies upon which any notes have been made, have been destroyed.

17. Any party for good cause shown may apply to the Court for modification of this Protective Order or the Protective Order may be modified by consent of the Parties in writing. This Protective Order shall remain in full force and effect and each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order.

18. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated as a "PROTECTED INFORMATION" by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. This Agreement may be signed by the parties in counterparts and a facsimile signature shall constitute an original signature for such purposes.

_____
Scott W. Iseman, Esq.
*Attorneys for Plaintiff*

**APPROVED AND SO ORDERED.**

_____
Rhiannon I. Spencer, Esq.
*Attorneys for Defendant*

_____
Honorable Daniel J. Stewart
United States Magistrate Judge